11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Betty Buffington

Appellant

Vs.                   No.
11-02-00088-CV -- Appeal from Taylor County

Texas Department of Criminal Justice -
Institutional Division

Appellee

 

Betty
Buffington and her sisters, individually and as representatives of the estate
of Andy Booker, sued various defendants asserting that they were responsible
for Booker=s untimely death.  One of the defendants, the Texas Department of Criminal Justice -
Institutional Division (TDCJ), filed a plea to the jurisdiction asserting
sovereign immunity.  The trial court
granted TDCJ=s plea to the jurisdiction, dismissed the
plaintiffs= claims against TDCJ, and severed the claims
against TDCJ from the remainder of the plaintiffs= claims.  Buffington filed a pro
se notice of appeal with respect to the trial court=s order dismissing TDCJ.[1]  Buffington and one of her sisters have each
filed in this court a letter brief requesting that this court keep their father=s case open. 
However, because TDCJ is immune from suit with respect to the claims
asserted against it, we must affirm the trial court=s dismissal. 


The
plaintiffs asserted the following causes of action against the defendants:  negligence; gross negligence; violation of
the Eighth Amendment; a claim under 42 U.S.C.A. ' 1983 (West 1994); wrongful death and survival; and the Texas Tort
Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. ch. 101 (Vernon 1997 &
Supp. 2003).  However, as reflected in
the plaintiffs= second amended petition and in their
response to TDCJ=s plea to the jurisdiction, the only cause of
action asserted against TDCJ was brought under the Texas Tort Claims Act.  In its plea to the jurisdiction, TDCJ
asserted that it was immune from suit because the plaintiffs= allegations did not fall under the limited
waiver provisions of the Texas Tort Claims Act.  








In order
to address this issue, we must determine the scope of waiver from the terms of
the Act and then determine whether the particular facts of this case are within
that scope.  Texas Department of
Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex.2001).  In so doing, we must consider the plaintiffs= pleadings and any evidence introduced that
is relevant to the jurisdictional issue. 
Texas Department of Criminal Justice v. Miller, supra; Texas Natural
Resource Conservation Commission v. White, 46 S.W.3d 864, 868 (Tex.2001); Bland
Independent School District v. Blue, 34 S.W.3d 547 (Tex.2000).  In this case, no evidence was introduced at
the hearing on the plea to the jurisdiction. 


Under the
doctrine of sovereign immunity, a governmental unit  is protected from suit 
unless immunity has been specifically waived by the legislature by clear
and unambiguous language.  TEX. GOV=T CODE ANN. ' 311.034 (Vernon Supp. 2003); Dallas County Mental Health and Mental
Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex.), cert. den=d, 525 U.S. 1017 (1998).  The
plaintiffs asserted that immunity was waived in this case by Section 101.021(2),
which provides that a governmental unit is liable for Apersonal injury and death so caused by a
condition or use of tangible personal or real property@ if, under the same circumstances, a private
person would be liable under Texas law. 


The plaintiffs
alleged in their pleadings that Booker was confined in the Geriatric Ward of
the Estelle Unit of TDCJ when he sustained injuries from being beaten by
another inmate and that these injuries ultimately caused Booker=s death. 
The petition reads in part as follows: 









[Booker] was a sixty-six year old who was
confined to a wheelchair due to his ongoing battle with a kidney disease....On
April 7, 1998, [Booker] was confronted and threatened by Defendant Matthew
Ellisor....The Department was made aware of Ellisor=s continuing threats to [Booker] and,
therefore, was aware of the strong probability that Ellisor would assault
[Booker].  Despite this fact, the
Department allowed Ellisor to follow [Booker] into the restroom and brutally
attack [Booker].  As [Booker] attempted
to lift himself from his wheelchair in the bathroom, Ellisor entered the
bathroom - unsupervised by the Department=s officers - repeatedly assaulting [Booker] - kicking and hitting him,
knocking him from his wheelchair and onto the floor, where he laid crying in
pain.  As a result of the assault,
[Booker] suffered from internal bleeding, broken ribs, and other physical
injuries.  Despite the fact that
[Booker] was in serious need of medical care, the Department failed to address
his injuries....He repeatedly requested medical assistance, but was ignored by
the Department.  On April 13, 1998, the
Department released [Booker] to his family members in a serious medical
condition.  The Department failed to
disclose the assault and [Booker=s] subsequent injuries to [Booker=s] family....[Booker] remained in constant and continual pain until his
untimely death on May 18, 1998.

 

The plaintiffs asserted
that the defendants failed to provide adequate protection, failed to administer
medical care, and subjected their father to cruel and unusual punishment.  The plaintiffs also asserted that Booker=s death Awas caused by a condition or use of tangible personal property, namely
the door which separated the bathroom...from any and all prison guards and/or
security.@  

We hold
that the plaintiffs failed to assert a claim against TDCJ for which immunity
has been waived by Section 101.021(2). 
Immunity is waived under that section only when the condition or use of
the property proximately caused the injury or death.  AProperty does not cause injury if it does no
more than furnish the condition that makes the injury possible.@ 
Dallas County Mental Health and Mental Retardation v. Bossley, supra at
343; Eastland County Cooperative Dispatch v. Poyner, 64 S.W.3d 182, 198
(Tex.App. - Eastland 2001, pet=n den=d). 
Furthermore, Section 101.021(2) does not waive immunity for the Anon-use@ of property.  Kerrville State
Hospital v. Clark, 923 S.W.2d 582, 585 (Tex.1996); Kassen v. Hatley, 887 S.W.2d
4, 14 (Tex.1994).  In this case, the
door and the bathroom merely furnished conditions that made Booker=s injuries possible; they did not proximately
cause his death.  Although the
plaintiffs attempted to bring their case within Section 101.021(2), the real
substance of their complaint is that their father=s death was caused, not by a condition or use of property, but by the
failure of the defendants to protect Booker from Ellisor and the failure of the
defendants to provide medical care to Booker after the assault.  The Texas Tort Claims Act does not waive
immunity for these claims.  See Sections
101.021 & 101.055; Dallas County Mental Health and Mental Retardation v.
Bossley, supra.  Because the pleadings
do not assert a claim for which sovereign immunity has been waived, the trial
court properly granted TDCJ=s plea to the jurisdiction and dismissed TDCJ from the lawsuit.  

The
judgment of the trial court is affirmed. 


 

                                                                                                JIM
R. WRIGHT

JUSTICE

 

July 3, 2003

Not designated for
publication.  See TEX.R.APP.P. 47.2(a). 

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J. 











[1]We note that the trial court subsequently granted
defendant Jack Dean=s plea to the jurisdiction and also dismissed the
plaintiffs= claims against Dean. 
The propriety of the trial court=s
order dismissing Dean is not at issue in this appeal because Buffington=s notice of appeal specifically stated the intent to
appeal the trial court=s AOrder signed on February 15, 2002,@ which is an appealable order dismissing and severing
TDCJ.